UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 3:15-CR-30032-RAL |
|---|---|
| Plaintiff, | |
| vs. | ORDER FOR UNITED STATES TO RESPOND TO MOTION |
| BRIAN IRON BOULDER, | |
| Defendant. | |

Defendant Brian Iron Boulder filed a pro se Motion for Compassionate Release, Doc. 46, on June 9, 2023. Iron Boulder was then appointed counsel on June 14, 2023. 18 U.S.C. § 3582(c)(1)(A), commonly known as the "compassionate release provision" of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, allows a defendant to file a motion for compassionate release directly with the court after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The administrative exhaustion requirement is a mandatory claim-processing rule that must be enforced absent a waiver or forfeiture. United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021).

Defendant's motion includes a copy of his initial application to the prison facility's warden, as well as the warden's response, Doc. 46-1, but Defendant's motion does not include documentation showing that Defendant exhausted his administrative remedies by appealing the

warden's response through the Administrative Remedy Program. To facilitate the Court's consideration of Defendant's Motion for Compassionate Release, Doc. 46, it is hereby

ORDERED that the United States respond to Defendant Brian Iron Boulder's motion on or before November 6, 2023, as to whether he has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). It is further

ORDERED that a copy of this Order be sent to Brian Iron Boulder, Federal Correctional Institution, P.O. Box 1034, Coleman, FL 33521-1034.

DATED this 23rd day of October, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE